UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

FERNANDO SANTANA,

                Plaintiff,            14cv5988 (JGK)

     - against -              **MEMORANDUM OPINION AND ORDER**

THE WARDEN OF GRVC, ET AL.,

                Defendants.
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Court received a letter dated December 3, 2015 from the plaintiff advising the Court that the Great Meadow Correctional Facility, where the plaintiff now resides, is continuing to collect the plaintiff's filing fee and will not reimburse him, even though the plaintiff has settled the case favorably with the defendants and the Court discontinued the case with prejudice but without costs on September 28, 2015.  The plaintiff moves the Court to instruct his facility to refund his filing fee or to stop collecting it from his account.

    Previously, the Court granted the plaintiff's application to proceed *in forma pauperis* ("IFP"), which allows the plaintiff to pay the filing fee in installments.[1]  See 28 U.S.C.

─────────────

[1] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C § 1915(b)(1)(A).

§ 1915(b)(1).  Under the law, the Court must collect, when funds exist in a prisoner's account, an initial partial filing fee plus monthly payments.  The agency having custody of the prisoner forwards those payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until the filing fees are paid.  See 28 U.S.C. § 1915(b)(2); see also In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody).

The discontinuance of the action does not excuse plaintiff's responsibility to pay the filing fee in installments, nor does it authorize the Court to order a refund of the filing fee.  "[A] party proceeding *in forma pauperis* is required to pay the full $350.00 filing fee, regardless of the outcome of the action."  Gasaway v. Perdue, No. 9:11cv01272 (LEK), 2012 WL 1952644, at *2 (N.D.N.Y. May 30, 2012); see also Goins v. DeCaro, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of the filing fee paid or a cancellation of the remaining indebtedness); Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (plain language of the PLRA requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (per curiam) (citations omitted); accord Arzuaga v.

2

Quiros, 781 F.3d 29, 34 (2d Cir. 2015) (per curiam) (IFP statute does not "excuse any obligation to pay those [filing] fees. Instead, the statute requires prisoners to pay the entire filing fee in installments deducted from their prisoner trust accounts.").

Accordingly, the plaintiff's motion to instruct his facility to refund his filing fee or to stop collecting it from his account is denied.

**SO ORDERED.**

**Dated:    New York, New York
           December 11, 2015            _____/s/_____
                                             John G. Koeltl
                                        United States District Judge**

3